IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 2 0 2003

Michael N. Milby, Clerk

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, Subscribing to Policy No. UP00US360002, Plaintiffs, § § § § § | |
| v. § § | CIVIL ACTION NO. H-03-0515 |
| VALLEY GRANDE MANOR, INC. d/b/a VALLEY GRANDE MANOR, Defendant. § § § § | |

B 03-081

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(3), or in the Alternative, TRANSFER VENUE TO THE BROWNSVILLE DIVISION PURSUANT TO 28 U.S.C. §1404, AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VALLEY GRANDE MANOR, INC. d/b/a VALLEY GRANDE MANOR, Defendant herein, and files this its Motion to Dismiss Pursuant to F.R.C.P. 12(b)(3), or in the Alternative, Transfer Venue to the Brownsville Division Pursuant to 28 U.S.C. §1404, and Original Answer, and in support thereof would respectfully show unto this honorable Court as follows:

**I.**

### Motion to Dismiss, or in the alternative, Transfer Venue

1.01. Defendant files this, its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transfer this cause to the Brownsville Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1404, prior to any other pleading or answer.

1.02. Plaintiffs have brought this action in the United States District Court for the Southern District of Texas, Houston Division, for judgement and damages based on an alleged breach of an insurance contract, Policy No. UP00US360002 (the "Policy"). A true and correct copy of said policy is attached hereto as Exhibit A, and by way of reference is incorporated herein for all purposes.

1.03. Plaintiffs allege jurisdiction is maintainable based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.04. Plaintiffs alleged actual damages result from the settlement of an underlying lawsuit brought against Defendant (*Estate of Jose De Jesus Morales v. Valley Grande Manor, Inc.*; Cause No. 2001-10-4491-D; In the 103rd Judicial District Court of Cameron County, Texas) in which Plaintiffs provided a defense for Defendant and paid a settlement in the amount of $25,000.00. Plaintiffs now bring this action seeking recovery of the alleged $25,000.00 paid to settle the above stated lawsuit, plus $25,000.00 for alleged attorneys' fees expended in the defense of said suit, plus an additional $30,000.00 in attorneys' fees which Plaintiffs claim will be expended in the prosecution of this instant cause of action.

1.05. Defendant is a corporation duly formed under the laws of the State of Texas, with its principal place of business in Brownsville, Cameron County, Texas. The Policy upon which Plaintiff brings this action was for insurance to cover Defendant's business in Brownsville. Defendant accepted and purchased the police made the subject of this litigation from an agent of Plaintiff in Brownsville. Defendant has not ever conducted any business outside of Brownsville and has no ties to Houston. Attached hereto as Exhibit B is the Affidavit of Richard Martin, President of Valley Grande Manor, Inc., and by way of reference is incorporated herein for all purposes.

1.06. A substantial part, if not all, of the events or omissions giving rise to the claim occurred in Brownsville. Plaintiffs are seeking a recovery for alleged damages suffered as a result of an underlying lawsuit which was filed and ultimately settled in Brownsville.

1.07. Defendant is subject to personal jurisdiction in Brownsville, and was in fact served with process through its registered agent located in Brownsville. Attached hereto as Exhibit C is Defendant's registration of designated agent filed with the Secretary of State, and by way of reference is incorporated herein for all purposes.

1.08. It would be burdensome and unfair to force Defendant to defend this litigation in Houston, in light of the fact that all of the witnesses to this litigation are located in Brownsville. Further, all of Defendant's employees, agents, representatives, officers and directors are in Brownsville.

1.09. It is in the interest of justice and for the convenience of the parties and witnesses to this action that this case be transferred to the Brownsville Division.

1.09. Based on the foregone, venue is not proper in the Houston Division, but may lie in the Brownsville Division of the United States District Court for the Southern District of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant, VALLEY GRANDE MANOR, INC. d/b/a VALLEY GRANDE MANOR, respectfully prays that after hearing held, the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transfer this cause to the Brownsville Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1404. Defendant further prays that the Court grant Defendant attorneys' fees incurred in the bringing of this motion, as well as any and all further relief to which it may be entitled.

## II.

### Original Answer

2.01. Defendant denies each and every, all and singular, the allegations set forth in Plaintiffs' Original Complaint, unless specifically admitted herein.

2.02. Defendant is unable to admit or deny the principal place of business of Plaintiff. However, Defendant does admit that it, along with Plaintiffs, was a subscriber to Insurance Policy No. UP00US36002, as alleged in Paragraph 1 "Parties" in Plaintiffs' Original Complaint.

2.03. Defendant admits that it is a corporation duly formed under the laws of the State of Texas with its principal place of business being in Brownsville, Texas as alleged in Paragraph 1 "Parties" in Plaintiffs' Original Complaint. Defendant further admits that it was served with process in this action through its registered agent, Mr. Dennis M. Sanchez, at 100 North Expressway 83, Brownsville, Texas 78521-2284 by certified mail, return receipt requested as alleged in Paragraph 1 "Parties" in Plaintiffs' Original Complaint.

2.04. Defendant admits that there is diversity between the parties to this action as defined under 28 U.S.C. § 1332(a)(2) as alleged in Paragraph 3 "Jurisdiction" in Plaintiffs' Original Complaint. However, Defendant denies that the amount in controversy exceeds $75,000.00, excluding interest and costs, as alleged in Paragraph 3 "Jurisdiction" in Plaintiffs' Original Complaint.

2.05. Defendant admits that venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 as alleged in Paragraph 4 "Venue" in Plaintiffs' Original Complaint. However, Defendant denies that venue is proper in the Houston Division of the Southern District of Texas.

2.06. Defendant denies that all conditions precedent have been performed or have occurred as alleged in Paragraph 5 "Conditions Precedent" in Plaintiffs' Original Complaint.

2.07. Defendant admits entering into a contract with Plaintiffs on or about June 10, 2000 to provide Defendant general and professional liability insurance under Policy No. UP00US360002 (the "Policy"), and that a true and correct copy of the policy is attached to Plaintiffs' Original Complaint as alleged in Paragraph 6 "Facts" in Plaintiffs' Original Complaint. Defendant further admits that it owns and operates a nursing and convalescence home in Brownsville, Texas, as alleged in Paragraph 6 "Facts" in Plaintiffs' Original Complaint.

2.08. Defendant admits there was a deductible in the amount of $50,000.00 listed under "Item 4" in the Declarations of the Policy as alleged in Paragraph 7 "Facts" in Plaintiffs' Original Complaint.

2.09. Defendant admits that it was involved in litigation surrounding the treatment and care of Jose De Jesus Morales (the "Morales Suit") as alleged in Paragraph 8 "Facts" in Plaintiffs' Original Complaint. However, Defendant denies being liable for any negligence alleged in the Morales Suit, and specifically denies, authorizing any settlement of the Morales Suit as alleged in Paragraph 8 "Facts" in Plaintiffs' Original Complaint. Defendant further denies liability for the incurrence of attorneys' fees and expenses associated with its defense in the Morales Suit as alleged in Paragraph 8 "Facts" in Plaintiffs' Original Complaint.

2.10. Defendant admits to receiving correspondence from Plaintiff relating to the settlement of the Morales Suit as alleged in Paragraph 9 "Facts" in Plaintiffs' Original Complaint. However, Defendant denies any liability or obligation to pay Plaintiff, or any other individual or entity, as a result of the Morales Suit as alleged in Paragraph 9 "Facts" in Plaintiffs' Original Complaint.

2.11. Defendant denies the allegations alleged in Paragraph 10 "Damages" in Plaintiffs' Original Complaint.

2.12. Defendant denies the allegations alleged in Paragraph 11 "Attorney Fees" in Plaintiffs' Original Complaint. Defendant specifically denies that Plaintiffs' attorneys' fees associated with this matter will at least exceed $30,000.00 as alleged in Paragraph 11 "Attorney Fees" in Plaintiffs' Original Complaint. Further, Defendant specifically denies that $30,000.00 in attorneys' fees associated with this action is "reasonable" as alleged in Paragraph 11 "Attorneys Fees" in Plaintiffs' Original Complaint.

2.13. Defendant denies the allegations alleged in Paragraph 12 "Prayer" in Plaintiffs' Original Complaint.

2.14. As a result of Plaintiff bringing this action, Defendant was required to retain counsel and seek reimbursement for its reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Defendant, VALLEY GRANDE MANOR, INC. d/b/a VALLEY GRANDE MANOR, requests that based on the foregone, the Court dismiss this cause of action and order that Plaintiff take nothing, and that Defendant be entitled to recover reasonable attorneys' fees associated with the defense of this action, and that Defendant further be granted any and all relief to which it may be entitled both at law and in equity.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR DEFENDANT
VALLEY GRANDE MANOR, INC.
d/b/a VALLEY GRANDE MANOR

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant's Motion to Dismiss Pursuant to F.r.c.p. 12(b)(3), or in the Alternative, Transfer Venue to the Brownsville Division, and Original Answer** has been served upon counsel for the Plaintiff, Mr. Michael W. McCoy, FOWLER, RODRIGUEZ & CHALOS, 4 Houston Center, 1331 Lamar, Suite 1560, Houston, Texas 77010-3028, ☐ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the following number: (713) 654-7930, and/or ☐ by hand delivery, on this _19th_ day of _March_, 2003.

_____
C. Frank Wood