IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 3 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CERTAIN UNDERWRITERS AT § <br> LLOYDS, LONDON, § <br> Subscribing to Policy No. UP00US360002, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> VALLEY GRANDE MANOR, INC. § <br> d/b/a VALLEY GRANDE MANOR, § <br> Defendant. § | CIVIL ACTION NO. B-03-081 |

### JOINT CASE MANAGEMENT PLAN PURSUANT TO RULE 26(f)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff and Defendant in the above entitled and numbered cause and files this their Joint Case Management Plan Pursuant to Rule 26(f), and would respectfully show unto the Court as follows:

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   **The meeting was held on June 30, 2003, by telephonic conference call. Attending were C. Frank Wood for Valley Grande Manor, Inc. d/b/a Valley Grande Manor ("Valley Grande Manor") and Geoffrey C. Sansom for Certain Underwriters at Lloyd's, London ("Underwriters").**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

3. Briefly describe what this case is about.

   **This is a breach of contract case based on an outstanding deductible Underwriters claims it is owed by Valley Grande Manor, pursuant to an insurance policy entered into between Underwriters and Valley Grande Manor.**

4. Specify the allegation of federal jurisdiction.

**Jurisdiction is premised upon complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.**

5. Name the parties who disagree and the reasons.

**While Defendant has agreed not to move or otherwise seek a remand of this case, Defendant does believe that the amount in controversy does not exceed $75,000 and has been overstated by Plaintiff for the sole purpose of obtaining jurisdiction.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None.**

7. List anticipated interventions.

**None.**

8. Describe class action issues.

**None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties intend to serve their initial disclosures on or before July 31, 2003.**

10. Describe the proposed agreed discovery plant, including:
    a. Responses to all the matters raised in Rule 26(f);

    **See responses to parts (b) through (h) below.**

    b. When and to whom the plaintiff anticipates it may send interrogatories;

    **Underwriters anticipate sending interrogatories and other written discovery to Valley Grande Manor by September 2, 2003.**

    c. When and to whom the defendant anticipates it may send interrogatories;

**Valley Grande Manor anticipates sending interrogatories and other written discovery to Underwriters by October 2, 2003.**

d. Of whom and by when the plaintiff anticipates taking oral depositions;

**Underwriters anticipate taking the deposition of at least Richard Martin of Valley Grande Manor. Underwriters anticipate that oral depositions can begin by January 1, 2004, and can be completed by March 1, 2004. Through the discovery process it may become apparent that other and further depositions may be required. Therefore, upon the discovery of other deponents, this Joint Case Management Plan may be amended and the afore mentioned dates altered.**

e. Of whom and by when the defendant anticipates taking oral depositions;

**Valley Grande Manor anticipates it will at least depose J. Brian Hobbs of Professional Claims Managers. Valley Grande Manor anticipates that these depositions can begin by February 1, 2004 and can be completed by April 3, 2004. Through the discovery process it may become apparent that other and further depositions may be required. Therefore, upon the discovery of other deponents, this Joint Case Management Plan may be amended and the afore mentioned dates altered.**

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;

**Underwriters will designate its experts by May 15, 2004. Valley Grande Manor will designate its experts by May 30, 2004.**

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report); and

**All expert depositions can be completed by May 15, 2004. The identity of experts is not known at this time.**

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

          **All expert depositions can be completed by June 30, 2004. The identity of experts is not known at this time.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties agree.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

13. State the date the planned discovery can reasonably be completed.

    **All discovery can reasonably completed by July 31, 2004.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **At the appropriate time, and after reasonable discovery, the parties will consider voluntary mediation.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties have discussed future negotiation plans and the merits of the parties' claims and defenses.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state which technique may be effectively used in this case.

    **Mediation may be suitable after some discovery has been conducted.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties do not consent to trial by a magistrate at this time.**

18. State whether a jury demand has been made and if it was made on time.

    **No jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

>  **The parties agree this case will take approximately 16 hours, or approximately 2 days, to present evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Underwriters' Motion for Summary Judgment could be ruled on at the pretrial conference.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.

    **None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Underwriters filed its Disclosure of Interested Parties on May 16, 2003.**
    **Valley Grande Manor filed its Disclosure of Interested Parties on May 9, 2003.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    | **Counsel for Plaintiff:** | **Counsel for Defendant:** |
    |---|---|
    | **Michael McCoy** | **C. Frank Wood** |
    | **State Bar No. 13471850** | **State Bar No. 24028136** |
    | **Federal Bar No. 3801** | **Federal Bar No. 29870** |
    | **Geoffrey C. Sansom** | **Dennis Sanchez** |
    | **State Bar No. 24033159** | **State Bar No. 17569600** |
    | **Federal Bar No. 30287** | **Federal Bar No. 1594** |
    | **FOWLER, RODRIGUEZ & CHALOS** | **SANCHEZ, WHITTINGTON, JANIS** |
    | **4 Houston Center** | **& ZABARTE, L.L.P.** |
    | **1331 Lamar, Suite 1560** | **100 North Expressway 83** |
    | **Houston, Texas 77010-3028** | **Brownsville, Texas 78521-2284** |
    | **(713) 654-1560 - Telephone** | **(956) 546-3731 - Telephone** |
    | **(713) 654-7930 - Fax** | **(956) 546-3765 or 3766 - Fax** |

Respectfully submitted,

_Geoffrey C. Sansom_ w/ permission by    _____6/30/03_____
Counsel for Plaintiff                                    Date

_C. T. Win_    _____6/30/03_____
Counsel for Defendant                                    Date