IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 9 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, Subscribing to Policy No. UP00US360002 | § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. B-03-081 |
| VALLEY GRANDE MANOR, INC. D/B/A VALLEY GRANDE MANOR | § § § § | |
| Defendant. | § | |

## ORDER ON MOTIONS TO DISMISS AND FOR FINAL SUMMARY JUDGMENT

BE IT REMEMBERED that on March 26, 2004, the Court **DENIED** Defendant's motion to dismiss for lack of subject matter [Dkt. No. 15] and **DENIED** Plaintiffs' motion for final summary judgment [Dkt. No. 12].

I.  **Factual background**

This case arises out of an insurance dispute between Plaintiffs Underwriters at Lloyds, subscribing to Policy No. UP00US360002 ("Lloyds") and Defendant Valley Grande Manor, Inc., d/b/a Valley Grande Manor ("Valley Grande Manor"). During the policy period Defendant was sued by Martha Flores on behalf of the Estate of Jose De Jesus Morales (the "Morales suit") for alleged negligent treatment and care of Mr. Morales while admitted to Valley Grande Manor. The claim was covered and Lloyds provided a defense. Before trial the case settled for $130,000. Lloyds representatives wrote several letters to Valley Grande Manor requesting payment of the $50,000 deductible. Valley Grande Manor has not paid the deductible, and Lloyds filed this lawsuit for breach of contract seeking $50,000 in damages, the amount of the

deductible, and $30,000 in attorneys' fees for the prosecution of this litigation.

## II. Analysis

### A. Subject matter jurisdiction

Plaintiffs filed this lawsuit alleging federal subject matter jurisdiction under the diversity statute. They pled $50,000 in damages and $30,000 in attorneys' fees under section 38.001 of the Texas Civil Practice and Remedies Code Annotated. Plaintiffs then filed a motion for summary judgment and requested $50,000 in damages and $12,000 for the attorneys' fees generated through the filing of the motion for summary judgment. Defendant filed its motion to dismiss for lack of subject matter jurisdiction on the grounds that Plaintiffs have not satisfied the amount in controversy requirement because they are only claiming a total of $62,000. Plaintiffs never responded to the motion to dismiss.[1]

The diversity statute, 28 U.S.C. § 1332(a)(1), provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The parties do not dispute that this case is between citizens of different states – Plaintiffs are foreign residents and Defendant is a business organized under the laws of Texas and has its principal place of business in Texas. Therefore, the sole question that remains is whether the amount in controversy exceeds $75,000.

For purposes of federal jurisdiction, the determination of the value of the matter in controversy is a federal question to be decided under federal standards. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961). However, federal courts must "look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Id.* at 352-53. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Id.* at 353.

---

[1] Local Rule 7.4 of the United States District Court for the Southern District of Texas states that "[f]ailure to respond will be taken as a representation of no opposition." However, in the interest of justice the Court reviews any challenge to its jurisdiction regardless of whether an opposition has been filed.

In other words, when deciding whether the amount in controversy is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). Allegations in the complaint need not be specific, but the plaintiff must allege sufficient facts to convince the court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor. On the other hand, to dismiss a case for failing to allege the requisite amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289.

The judicially established legal-certainty test generally makes it very difficult for the defendant to secure a dismissal of a case on the ground that it does not appear to satisfy the statutory jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard for purposes of defeating the court's subject matter jurisdiction: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff; and 3) when independent facts show that the amount of damages was claimed by the plaintiff merely to obtain federal court jurisdiction. 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE; JURISDICTION § 3702, at 97-101 (3d ed. 1998) (footnotes omitted). If the jurisdictional amount is challenged, the burden of proving jurisdiction falls on the party asserting it.

Ordinarily, attorneys' fees are not considered a part of the amount in controversy because the successful party does not typically collect his attorneys' fees. *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995). However, when attorneys' fees are provided by contract or a statute mandates or allows payment of such fees, attorneys' fees are considered part of the amount in controversy for jurisdictional purposes.[2] *See id.* Thus, when attorneys' fees are requested pursuant to a statute,

---

[2] *See also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[A] reasonable attorney's fee alone, when added to the $41,028.51, would push the amount of plaintiff's claim in Count III above $50,000, without consideration of the pre- judgment interest or other costs and expenses sought."); *Conrad Assocs. v.*

they are included in determining the amount in controversy. *See id.* In the instant case, the Plaintiffs seek $50,000 in damages and $30,000 in attorneys' fees pursuant to section 38.001 of the Texas Civil Practice and Remedies Code Annotated. Section 38.001 provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." In this breach of written contract case, attorneys' fees are recoverable by statute.

Defendant argues that Plaintiffs are only seeking $12,000 in attorneys' fees and cite as evidence Plaintiffs' motion for summary judgment and affidavit of Michael McCoy in support of the motion for summary judgment. While it is true that Plaintiffs are seeking only $12,000 in attorneys' fees in that motion, that amount is only current through the motion for summary judgment. It is entirely feasible that Plaintiffs' attorneys' fees through trial will meet, if not exceed, the $30,000 Plaintiffs have alleged in their complaint. Therefore, the Court finds that (1) Plaintiffs have satisfied the amount in controversy requirement and (2) the Court has subject matter jurisdiction over this case.

**B.    Summary judgment**

Plaintiffs moved for final summary judgment on its sole cause of action for breach of written contract on the grounds that it could satisfy each element of that cause of action. In turn, Defendant filed a response in opposition to the motion for summary judgment arguing that it had pled affirmative defenses in its first amended answer and that Plaintiffs had not and could not defeat these affirmative defenses on summary judgment. Defendant's original answer did not contain affirmative defenses,

---

*Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal.1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys fees, if recoverable by statute or contract, and punitive damages."); *Plus Sys. Inc., v. New England Network, Inc.*, 804 F. Supp. 111, 116-17 (D. Colo.1992) (finding amount in controversy satisfied even though the maximum amount of recovery for the breach of contract was less than $3,800; plaintiff submitted sworn affidavits that alleged current attorneys' fees, which was allowed under the contract, over $60,000 and projected fees of $150,000).

and its first amended answer was filed on the same day as its opposition to the motion for summary judgment. Defendant never filed a motion for leave to file an amended answer, and Plaintiff never filed a reply brief to address the affirmative defenses or oppose the filing of an amended answer.

### 1.      Summary judgment standard

Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). *See also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). *See also Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," *Celotex*, 477 U.S. at 327, the party "need not negate the elements of the nonmovant's case." *Little*, 37 F.3d at 1075 (*citing Celotex*, 477 U.S. at 323). If the moving party meets this burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (*citing Celotex*, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994). *See also* Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003); *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Summary Judgment

should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

### 2. Summary judgment not warranted at this time

As an initial matter, the question which must be addressed is whether the affirmative defenses of estoppel and excuse of performance are properly before the Court. Rule 8(c) requires that any affirmative defense be set forth in the answer and lists examples of defenses which must be affirmatively pled. Generally, a party's failure to raise an affirmative defense in its first responsive pleading waives the defense. *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986). However, a defendant does not waive an affirmative defense if the defendant raises the defense at a pragmatically sufficient time, and the plaintiff is not prejudiced in its ability to respond. *Chambers v. Johnson*, 197 F.3d 732, 735 (5th Cir. 1999) (quoting *Lucas*, 807 F.2d at 418).

Defendant has alleged affirmative defenses, has argued them in opposition to Plaintiffs' motion for summary judgment, and has supported them with admissible evidence. Plaintiffs failed to reply to and address the arguments in Defendant's responsive brief regarding the affirmative defenses of estoppel and excuse. In main part due to the posture of the briefing, the Court is compelled to deny Plaintiffs' motion for final summary judgment. However, if suitably briefed and supported, summary judgment on certain issues may be appropriate in the future.

**III.   Conclusion**

For the foregoing reasons, the Court **DENIED** Defendant's motion to dismiss for lack of subject matter [Dkt. No. 15] and **DENIED** Plaintiffs' motion for final summary judgment [Dkt. No. 12].

DONE at Brownsville, Texas, this 26th day of March 2004.

Hilda G. Tagle
United States District Judge